| DISTRICT COURT, COUNTY OF DENVER<br><br>STATE OF COLORADO<br><br>1437 Bannock Street, Room 256<br><br>Denver, CO 80202 | **EFILED Document**<br>**CO Denver County District Court 2nd JD**<br>**Filing Date: Aug 20 2010 11:15AM MDT**<br>**Filing ID: 32782578**<br>**Review Clerk: Kari S Elizalde** |
|---|---|
| Plaintiff(s):  SHIRLEY A. CERONI<br><br><br>Defendant(s):  GRIFFIN DOCK & DOOR SERVICES, INC. and 4FRONT ENGINEERED SOLUTIONS, INC. and KELLEY | ▲ COURT USE ONLY ▲ |
| | Case Number:  10CV4738<br><br>Courtroom 2 |

### OMNIBUS PRE-TRIAL ORDER

Any questions regarding this Order should be raised **before** trial. Plaintiff shall serve copies of this Order on any Pro Se Parties, pursuant to C.R.C.P. 5, and file a Certificate of Service with the Court within 10 days of the date hereof.  In the event of any conflict between this Order and C.R.C.P. 16 or 121, this Order shall take precedence.  Failure to comply with this Order will be <u>your</u> problem.

1.     **CASE MANAGEMENT ORDER**

The provisions of C.R.C.P. 16 concerning a Presumptive Case Management Order will apply.  If all parties have not participated in the preparation of a Proposed Case Management Order, this shall be noted in the **title** of the Proposed Case Management Order.

2.     **TRIAL SETTINGS**

a.     A specific setting date or trial date must be designated in the CMO, as set forth in C.R.C.P. 16.

b.     Cases must be set for trial no later than 30 days after they are at issue.  If not, a Show Cause Order will issue.

c.      **No case** will be set beyond one year after the case is at issue without the Court's permission.  Pursuant to Chief Justice Directive 08-08, <u>90% of all cases shall be concluded within 1 year of filing</u>.  No case will be set for more than 5 days without the Court's permission.

d.      Trial settings take place on Tuesdays, Wednesdays and Thursdays between 10:00 a.m. and noon **only**.

3.      <u>**DISCOVERY**</u>

<u>Treating</u> expert's opinions that go beyond the four corners of his/her  records or reasonable inferences therefrom **must be fully and fairly disclosed**.  Failure to disclose or insufficient/untimely disclosure of any document, exhibit or opinion is undertaken **at your own risk**.  Similarly, delaying discovery until the eve of deadlines and/or trial is undertaken **at your own risk**.  <u>Do not</u> procrastinate in the preparation of your case.

4.      <u>**MOTIONS**</u>

a.      Motions for Summary Judgment, any Motions relating to discovery or Motions that could be dispositive <u>must</u> be filed at least 85 days before trial.  Responses must be filed 15 days after the Motion is filed unless an extension is granted.  Replies are discouraged as they are usually repetitive.  Extensions that go to the eve of trial will not be allowed.  So, <u>do not</u> procrastinate in the preparation of your case.

b.      Other pretrial Motions, including Motions *in limine*, must be filed at least 25 days before trial unless a different time is permitted by Court Order.  A Response shall be filed no later than **<u>10</u>** days after the Motion is filed, unless a different time is permitted by Court Order.  No Replies shall be allowed.

c.      <u>**DO NOT, UNDER ANY CIRCUMSTANCES, COMBINE PLEADINGS.  IF YOU DO, YOUR PLEADING MAY BE STRICKEN *SUA SPONTE.***</u>

5.      **TRIAL MANAGEMENT ORDER**

Plaintiff's counsel shall prepare and submit a signed Trial Management Order (TMO) 30 days before the date of trial. The TMO shall comport with the provisions set forth in C.R.C.P. 16(f). The Court requires a TMO for ALL cases.  A Trial Management Conference may be scheduled upon Notice.

6.      **JURY INSTRUCTIONS**

The first party represented by counsel to demand a jury trial (and who has not withdrawn that demand) shall meet and confer with the opposition regarding jury instructions.  If applicable, combine the following instructions into one instruction: 3:7 and 3:8; 3:9 and 3:10; 3:4, 3:11, and 3:14; 3:15 and 3:16; 5:1 and 5:5.  **The Parties are encouraged to combine other instructions as well.** The Parties shall file **one** set of **stipulated** instructions.

**Disputed instructions** shall be compiled as follows:  Plaintiff's disputed instruction #1 and, as applicable, Defendant's version of the disputed instruction #1 directly behind it (each labeled accordingly).  Plaintiff's #2 then, if applicable, Defendant's version of #2, etc.  If the other party does not offer a version of a disputed instruction – no problem , just explain the objection and continue to follow this user friendly format.  Bear in mind that it is okay to disagree.  The Court exists to resolve disputes but needs the information to do so.

All instructions **must** be provided to the Court on a either a flash drive or a CD in editable format (*i.e.,* Mircosoft Word).  The flash drive or CD shall have the instructions as directed above.

In addition, no later than five days prior to trial, Plaintiff shall deliver directly **to the Courtroom,** a hard copy of the **stipulated** set of instructions and two sets of the **disputed** instructions, one with annotations (i.e. CJI 30:1, or case citation) and one without annotations.

7.     **JUROR NOTEBOOKS**

The Court provides a 1", 3-ring binder for the jurors' use during the trial.  The notebooks contain paper for notes, as well as introductory information regarding jury service, the courthouse and its environs.  Counsel shall provide the following case-specific information for the notebooks:  1) per C.J.I. 2:1, a succinct statement of the case; 2) an Order of Proof; 3) the names of all attorneys who will be appearing; 4) any stipulations; and, 5) a glossary of technical or unusual terms.

Counsel **does not** have to provide jury notebooks.  The Court has <u>repeatedly</u> been told by jurors that overstuffed and cumbersome notebooks <u>are not</u> useful and many times go unopened.  Jurors much **prefer** to be presented with exhibits by audio and visual means.   But, if Counsel chooses to provide exhibits for the jurors, the Court urges them to **limit** the exhibits to an absolute minimum.  Voluminous exhibits are of little use to jurors, annoy them, and are a waste of resources.  **Only** those exhibits that are **most** important should be included.   Counsel should be ruthless and wise in selecting these exhibits.   If you cannot decide on your **most important** exhibits, how can you expect the jury to do so?   Clearly, all exhibits are not needed in the notebooks.  **All** original exhibits will be available to the jury and the jury will be permitted to request, during trial, any admitted exhibit not included in their notebooks.

If Counsel believes jurors must be provided with extensive exhibits, they shall provide separate exhibit notebooks from the Court's notebooks.  Be aware the jurors only wish to carry one notebook into the Courtroom.   If it is necessary to provide a separate notebook for exhibits, counsel are encouraged to include **all** parties' stipulated exhibits in **one** notebook rather than each party providing a separate notebook.  The exhibits and/or notebooks are due to the Courtroom **five (5) days before trial.  Do not duplicate any exhibits among the parties.**

8.    **EXHIBITS**

Prepare a comprehensive **Index of Exhibits** and note those exhibits which are stipulated.  Counsel shall stipulate to the admission of exhibits where appropriate.  Neither the Court nor the jury

appreciates delays while an obviously authentic exhibit is authenticated.

Mark all exhibits prior to trial.   Plaintiff's exhibits shall be marked in **numerical sequence with case number.**  Defendant's exhibits shall be marked in **alphabetical sequence with case number.** Plaintiffs and Defendants shall **NOT** mix numbers and letters, even for related exhibits; e.g. 1(a), 1(b), 1(c), etc.  If there are more than 26 exhibits for the Defendant, please mark them "AA", "BB", etc. Exhibits may be grouped together for easy reference.   **All multi-page exhibits should be paginated for ease of reference.**

A copy of each exhibit shall be submitted (if not previously provided) to opposing counsel **five (5)** days before trial.  In addition, a work copy of exhibits shall be provided to the Court. Do not overstuff exhibit notebooks.  It should be easy to turn the pages from one to the next.  To expedite the case, each exhibit to be offered should be viewed by opposing counsel <u>prior</u> to trial.

Because this Court no longer has court reporters and because of a reduced work staff, the Court is no longer able to maintain custody of exhibits after the termination of hearings and trials. Therefore, the parties shall complete a receipt for exhibits and the following procedures shall apply:

> At the conclusion of the trial or hearing, counsel shall retain custody of their respective exhibits and depositions, whether or not received into evidence, until such time as <u>all</u> need for the exhibits and depositions has terminated. No withdrawn exhibit shall be modified in any manner.  The parties shall provide a photograph(s) of any demonstrative exhibits on or before the first day of trial for inclusion in the record. Photograph(s) shall be no larger than 8-1/2 by 11" and counsel should agree that the items are accurately represented.  **Any violation of this Order regarding the maintenance of exhibits will be subject to sanctions including contempt of court under CRCP 107.**

**9.     <u>SCHEDULING/WITNESSES/EXAMINATION</u>**

Unless otherwise noted, a trial day starts at 9:00 a.m. and ends at 5:00 p.m.  The Court will take one break, for 15 – 20 minutes, in the

morning and afternoon.  Unless otherwise determined, the lunch break will be from approximately noon until 1:30 p.m.

It is counsel's responsibility to prevent any delay in the presentation of testimony or running out of witnesses before 5:00 p.m.

Redirect and re-cross examination may be limited or disallowed. The Court and the great majority of its juries have found these examinations to be repetitive, ineffective and unnecessarily time consuming.

## 10. <u>VOIR DIRE</u>

The Court will ask the jury basic background questions including biographical information and juror qualifications.  Counsel will be limited to 20 minutes on voir dire unless otherwise permitted.  On the day of trial, the Court will outline its procedures for handling cause and peremptory challenges.

## 11. <u>DEPOSITIONS.</u>

If you are going to use depositions in lieu of live testimony you must provide designations of such testimony to opposing counsel not later than 30 days before trial.  Objections to all or part of the deposition testimony offered must be made not later than 20 days before trial and must cite page, line and the specific evidentiary grounds supporting the objection. Ask the Court well in advance of trial for further guidance in preparing these items.  **The same rules apply to both videotape and written depositions.**

## 12. <u>AUDIO-VISUAL TECHNOLOGY</u>

The Court **<u>does not</u>** provide any audio-visual equipment.  You must provide any special equipment/technology such as DVDs, videotapes, movies, slides, PowerPoint presentations , screens or monitors, and electrical cords.  Contact the Division Clerk **five (5) days prior** to the trial date to co-ordinate the use of such technology.

13.    **COURT REPORTERS**

The Court utilizes a digital recording system.  However, the Court **strongly** encourages the Parties to hire a private court reporter for preservation of the record.  Though infrequent, there have been problems with the digital system recording <u>all</u> of the proceedings. Should this occur, the Court and Parties must reconstruct the record.

14.    **TRIAL BRIEFS**

Trial Briefs, if any, shall be filed **five (5)** days before trial and shall **not exceed** five (5) pages in length.

15.    **TRIALS TO THE COURT**

Where appropriate, Counsel shall submit in writing and on disk or flash drive, at least three (3) days before the trial, Proposed Findings of Fact and Conclusions of Law.

16.    **MISCELLANEOUS**

Counsel, Parties and Witnesses shall be advised to NOT CHEW GUM during trial.

**SO ORDERED,**

This 20th day of August 2010.

BY THE COURT:

Herbert L. Stern, III
District Court Judge

Cc: Counsel via e-filing