| | |
|---|---|
| DISTRICT COURT, DENVER, COLORADO<br>1437 Bannock St<br>Denver, CO  80202 | **EFILED Document**<br>**CO Denver County District Court 2nd JD**<br>**Filing Date: Nov 17 2010  9:53AM MST**<br>**Filing ID: 34395136**<br>**Review Clerk: Kari S Elizalde** |
| Plaintiff: SHIRLEY A. CERONI<br>v.<br>Defendants: GRIFFIN DOCK & DOOR SERVICES, INC.; 4FRONT ENGINEERED SOLUTIONS, INC.; and KELLEY | σ COURT USE ONLY σ |
| | Case Number: 10CV4738 |
| | Courtroom:  2 |

## COURT'S ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court pursuant to Defendant Griffin's Motion for Summary Judgment filed September 24, 2010. The Court, having reviewed the pleadings, the file, and applicable authorities, hereby Finds and Orders as follows:

1. Plaintiff alleges she was injured when a dock leveler failed as she drove over the dock leveler with a fork lift. (A dock leveler is a device that bridges a loading dock to a truck bed.) Plaintiff claims Defendant Griffin Dock & Door Services, Inc. ("Griffin") was negligent in failing to inspect, maintain, or repair the dock leveler at issue. Griffin argues it did not have a contractual or common law duty to maintain the dock leveler because it did not have a contract with Plaintiff's employer and never performed work on the leveler in question. The Motion is supported by an affidavit from Steve Brown, the office manager for Griffin. Plaintiff argues that Griffin failed to confer with her prior to filing its Motion, thus, if she had been aware of Mr. Brown's statements, she may have dismissed Griffin before Defendant filed this Motion.

2. Pursuant to Colo. R. Civ. P. 121 §1-15(8), unless a statute or rule governing the motion provides that it may be filed without notice, moving counsel shall confer with opposing counsel before filing a motion. The motion shall, at the beginning, contain a certification that the movant in good faith has conferred with opposing counsel about the motion. Id.

3. The Court takes this rule seriously and Defendant failed to comply. Had Griffin engaged in a meaningful discussion with Plaintiff before filing this Motion, the parties may have reached resolution <u>before</u> seeking Court intervention. Defendant's failure to confer has wasted the Court's time at the clients' expense with unnecessary and/or premature motions practice.

4. Accordingly, Defendant's Motion for Summary Judgment is STRICKEN. Henceforth, the parties shall adhere to the letter and spirit of Rule 121's duty to confer, otherwise the Court may award sanctions next time.

Done this 17th day of November, 2010.

By the Court:

*Herbert L. Stern III*
Herbert L. Stern III
District Court Judge

cc: Counsel of Record