**GRANTED IN PART**

Movant shall serve copies of this ORDER on any pro se parties, pursuant to CRCP 5, and file a certificate of service with the Court within 10 days.

Dated: Feb 17, 2011

*Ann B. Frick*

**Ann B. Frick**
District Court Judge
DATE OF ORDER INDICATED ON ATTACHMENT

| | | |
|---|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO**<br>Court Address:   1437 Bannock Street<br>                            Denver, CO 80202<br>                            720-865-8481 | | **EFILED Document**<br>**CO Denver County District Court 2nd JD**<br>**Filing Date: Feb 17 2011  9:12AM MST**<br>**Filing ID: 36006002**<br>**Review Clerk: Ashley Landis** |
| **Plaintiffs-:** | **SHIRLEY A. CERONI** | |
| **Defendants-:** | **GRIFFIN DOCK & DOOR SERVICES, INC. and 4FRONT ENGINEERED SOLUTIONS, INC. and KELLEY** | |
| **OVERTURF McGATH HULL & DOHERTY, P.C.**<br>Scott A. McGath, Esq.<br>January D. Allen, Esq.<br>625 E. 16th Avenue, Suite 100<br>Denver, Colorado 80203<br>Telephone:  303-860-2848<br>Facsimile:   303-860-2869<br>E-mail    sam@omhdlaw.com<br>              jda@omhdlaw.com<br>Reg. No.     15151<br>                   37006 | | ▲  **COURT USE ONLY**  ▲<br>Case Number:    10CV4738<br>Ctrm: |
| **DEFENDANT 4FRONT ENGINEERED SOLUTIONS, INC. AND ITS d/b/a KELLEY'S MOTION TO MODIFY PRESUMPTIVE CASE MANAGEMENT ORDER AND FOR SUPPLEMENTAL CASE MANAGEMENT CONFERENCE** | | |

Defendant **4FRONT ENGINEERED SOLUTIONS, INC.** (which has a product line known as **KELLEY** and therefore believe Kelley, as designated in Plaintiff's complaint is a d/b/a of **4FRONT ENGINEERED SOLUTIONS, INC.**) (hereinafter "4Front"), by and through its attorneys **OVERTURF McGATH HULL & DOHERTY, P.C.,** hereby submits its Motion to Modify Presumptive Case Management Order and for a Supplemental Case Management Conference as follows:

**CERTIFICATE OF COMPLIANCE WITH C.R.C.P. 121-1-8**

The undersigned certifies that she has complied with the requirements to confer with counsel prior to the filing of this motion.  Plaintiff's counsel does not oppose the relief requested.  Counsel for Defendant Griffin Dock & Door opposes the relief requested, especially any request for a continuance.

5233

1. Plaintiff commenced this action by the filing of a Complaint on June 11, 2010, asserting among other things, claims for product liability arising from injuries Plaintiff alleges she sustained while driving a forklift over a dock leveler at her place of employment, the United States Postal Service's Denver General Mail Facility. *Complaint*, ¶ 3. Plaintiff alleges that Defendant 4Front manufactured the dock leveler at issue. *Id.* Plaintiff alleges that Defendant Griffin installed, serviced or performed maintenance on the dock leveler at issue. *Id.* ¶ 4.

2. The matter is set for a five day jury trial commencing May 2, 2011. Presumptive case management deadlines under C.R.C.P. 16 apply. Under these timelines, Plaintiff's expert disclosures were due on December 31, 2010, and Defendant's expert disclosures are due February 1, 2011. The dispositive motion deadline is February 4, 2011, and discovery is to be completed no later than March 11, 2011.

3. On January 3, 2011, almost six months after the action was filed, Plaintiff's counsel provided an e-mail with an attachment that purported to be a photograph of the dock leveler at issue. It is attached hereto as **Exhibit A.** The photograph depicts a metal plate with the name Kelley, a model number, and a series of product patent numbers. Prior to the receipt of this e-mail no identifying information for the dock leveler at issue had been provided. Complete identifying information, including serial number, has still not been provided. Plaintiff's counsel states that further information is not available to them at this time. Furthermore, Plaintiff has not provided information to enable authentication of the photograph.

4. The majority of information relevant to the claims and defenses in this matter is believed to be in the possession or control of the United States Postal Service, over whom the parties have no subpoena power. The USPS, pursuant to *Touhy v. Ragath,* 340 U.S. 462 (1951), has the discretion to permit or deny requests for information, documents, and testimony in accordance with enacted CFR regulations. Since the entry of appearance in this matter counsel for Defendant 4Front has been in contact with the USPS attempting to gain access to the Denver General Mail Facility to inspect the dock leveler at issue. While those verbal requests were initially denied, 4Front has sent out a renewed request containing all the information required by the USPS' *Touhy* regulations. This request is attached hereto as **Exhibit B**. It is understood that Plaintiff has also submitted a Freedom of Information Act Request to the USPS. Neither request has yet been granted.

5. Without the information sought from the USPS, Defendant 4Front is lacking complete identifying information for the dock leveler at issue, or information concerning its sale, installation, maintenance, or operation. As a consequence, Defendant 4Front is unable to evaluate Plaintiff's claims so that 4Front may in turn retain appropriate experts, conduct appropriate discovery, or otherwise defend this action. In a nutshell, one cannot defend a products liability case without specifically knowing the product type at issue, and having an opportunity to observe and evaluate the product alleged to have caused the injuries.

6. In light of the foregoing it is not feasible for Defendant 4Front to meet the upcoming expert disclosure deadlines, dispositive motion deadline, discovery cut-off or other case management deadlines. Modification of all case management deadlines is therefore sought. A continuation of the current trial date may also be necessary.

7. Under C.R.C.P. 16(e) modification of a case management order at any time later than 45 days after the case is at issue may be made upon motion and a specific showing of good cause for the modification sought. Good cause is shown when the requested modification is necessary to allow each party its day in court and is not sought by reason of delay, inadvertence or neglect on the part of counsel. *See generally, Todd v. Bear Valley Village Apts.*, 980 P.2d 973 (Colo. 1999).

8. Here, Defendant 4Front has been unable to obtain information necessary to its defense of this matter. This failure is despite continuing efforts on 4Front's part to obtain the information. Given the federal government's immunity from subpoena power, 4Front is also without any other means to obtain the information than to wait for the USPS' determination of its renewed request for inspection, documents and testimony. If forced to proceed without this information under current case management deadlines Defendant 4Front will be deprived of the opportunity to meaningfully defend itself. Good cause for the requested modification is present.

9. As Defendant 4Front is without knowledge of the timeframe for the USPS' determination of the parties' requests for information, a supplemental case management conference is respectfully requested. At that time the parties and Court could discuss the most efficient means of modifying existing dates to ensure speedy resolution of this matter while still allowing the parties the opportunity to obtain relevant information.

**3**

10. As this motion may also involve a request to continue the trial date, undersigned certifies that pursuant to C.R.C.P. 121-1-11, a copy of the motion has also been served on her client.

Respectfully submitted this _____ day of January, 2011.

**OVERTURF McGATH HULL & DOHERTY, P.C.**

By   S/ *January D. Allen*

Scott A. McGath #15151
January D. Allen, #37006
Attorneys for Defendant
4Front Engineered Solutions, Inc. and Kelley

**CERTIFICATE OF SERVICE**

I hereby certify that on this _____ day of January, 2011, a true and correct copy of **DEFENDANTS 4FRONT ENGINEERED SOLUTIONS, INC. AND its d/b/a KELLEY'S MOTION TO MODIFY PRESUMPTIVE CASE MANAGEMENT ORDER AND FOR SUPPLEMENTAL CASE MANAGEMENT CONFERENCE** was filed via LexisNexis and served on the following:

Marc F. Bendinelli, Esq.
Sean R. Cumberlege, Esq.
Bendinelli Law Office, P.C.
9035 Wadsworth Parkway, Suite 4000
Westminster, CO 80021

Gary L. Palumbo, Esq.
Bayer & Carey, P.C.
1660 Downing Street
Denver, CO 80218

S/ *Tracey L. Zastrow*

In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.

This document constitutes a ruling of the court and should be treated as such.

**Court:** CO Denver County District Court 2nd JD

**Judge:** Ann B Frick

**File & Serve Transaction ID:** 35370504

**Current Date:** Feb 17, 2011

**Case Number:** 2010CV4738

**Case Name:** CERONI, SHIRLEY A vs. GRIFFIN DOCK & DOOR SERV INC et al

**Court Authorizer:** Ann B Frick

**Court Authorizer Comments:**

Motion to Modify Case Management Order is GRANTED. Motion to Continue Trial is DENIED. Parties are ORDERED to appear by telephone at 4:00 pm on Tuesday, Feb. 25, 2011, for Telephonic Case Management Conference. Counsel for Defendant 4Front Engineered Solutions, Inc. shall initiate conference call and call the Court at 720-865-8303 when all parties are on the line and ready to proceed.

**/s/ Judge Ann B Frick**