| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br><br>Address:   City and County Building<br>                1437 Bannock Street, Rm. 256<br>                Denver, CO 80202 | **EFILED Document**<br>**CO Denver County District Court 2nd JD**<br>**Filing Date: Mar 14 2011  2:36PM MDT**<br>**Filing ID: 36461825**<br>**Review Clerk: Ashley Landis**<br><br>∆ COURT USE ONLY ∆ |
| Plaintiff(s):<br>SHIRLEY A CERONI, | Case Number:  2010CV4738 |
| Defendant(s):<br>GRIFFIN DOCK & DOOR SERVICES, INC., and 4FRONT ENGINEERED SOLUTIONS, INC. and KELLEY | Courtroom: 269<br>(FKA Courtroom 2) |
| **ORDER RE: DEFENDANT GRIFFIN DOCK & DOOR SERVICES, INC'S MOTION FOR SUMMARY JUDGMENT** ||

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment ("Motion"). Defendant, Griffin Dock & Door Services Inc. ("Griffin"), filed its Motion on September 10, 2010, supported by affidavit of its Office Manager, Steve Brown. Plaintiff, Shirley Ceroni ("Ceroni"), filed her Response on September 24, 2010, unsupported by affidavit. Griffin filed its Reply on October 7, 2010.Thereafter, on November 17, 2010, the Court struck Griffin's Motion for non-compliance with the "letter and spirit of Rule 121's duty to confer."

On November 18, 2010, Griffin filed a Motion for Reconsideration. Ceroni filed a Response ("Supplemental Response") on December 2, 2010, stating no opposition to the Motion for Reconsideration, but purporting additional arguments in opposition to the original, dispositive Motion, and attaching an affidavit executed by Ms. Ceroni. On December 16, 2010, Griffin filed its Reply, and also requested leave to file a "Reply to Plaintiff's Supplemental Response." On January 6, 2011, the Court granted Griffin's Motion for Reconsideration, and granted Griffin's leave to file a "Supplemental Reply" on or before January 14, 2011. Griffin filed such Supplemental Reply on January 14, 2011. At that time, the original Motion was, once again, ripe for review.

However, before ruling on the dispositive motion, the parties filed additional motions, and Defendant 4Front Engineered Solutions requested a Supplemental Case Management Conference. On February 17, 2011, the Court granted the request for a Supplemental Case

Management Conference. This Conference was held on February 24, 2011, and counsel for all parties appeared by phone. At this time, the parties discussed the pending dispositive motion, and the significant discovery issues present in dealing with Ceroni's employer, the United States Postal Service (the "USPS"). A USPS General Mail Facility is the location where the underlying injury in this case occurred. The Court made limited amendments to some presumptive case management deadlines, and set the matter for another status conference in April 2011. The Court indicated it would rule on the dispositive Motion forthwith.

Thereafter, on February 25, 2011, Griffin filed a "Second Supplemental Reply." Griffin attached the USPS's, January 19, 2011, Freedom of Information Act Response ("FOIA Response") to Ceroni's discovery requests. Additionally, Griffin attached transcript excerpts from Ceroni's deposition testimony. Any Reply to this "Second Supplemental Reply" was due from Ceroni on March 10, 2011.

The Court, having reviewed this extensive briefing, the arguments made at the Supplemental Case Management Conference, the court file, and otherwise being fully advised of the premises herein, makes the following findings and orders:

## I. Background

This is a personal injury action arising from injuries Ceroni claims she sustained when a dock leveler allegedly failed as Ceroni drove a forklift over it during the scope of her employment with the USPS. A dock leveler is a device that bridges the gap between the edge of a loading dock and the bed of a truck at a loading dock. The leveler provides a surface across which a forklift can travel between the loading dock and the bed of a truck. Defendants 4Front Engineers Solutions, Inc. and Defendant Kelley designed and manufactured the dock leveler. Griffin performs maintenance on various types of doors and dock lift systems.

Ceroni claims she was injured on June 13, 2008, when a dock leveler allegedly failed on Bay 95 ("Bay 95 Dock Leveler") at the South Dock of the USPS's General Mail Facility on 7540 East 53rd Place in Denver, Colorado ("General Mail Facility"). Ceroni alleged that Griffin performed maintenance on the Bay 95 dock leveler, or otherwise had a contract with the USPS to perform general maintenance on dock levelers at this mail facility. Ceroni therefore contends Griffin was negligent because it failed to meet its obligation to inspect, maintain, and repair the dock leveler. In opposition, Griffin avers that it did not have a contract with the USPS to inspect,

maintain, or repair the dock leveler; and likewise, that it was never asked to work on, and never did work on, the Bay 95 Dock Leveler at the General Mail Facility. Accordingly, Griffin contends that Ceroni's negligence claim fails because Griffin did not have a duty to inspect, maintain, or repair the Bay 95 Dock Leveler.

## II. Summary Judgment Standard

Summary judgment is appropriate when the pleadings and supporting documents indicate that there are no genuine issues as to any material fact, such that the movant is entitled to summary judgment as a matter of law. C.R.C.P. 56(c); *Rocky Mountain Festivals, Inc. v. Parsons Corp.*, 242 P.3d 1067, 1074 (Colo. 2010); *Brodeur v. Am. Home Assurance Co.*, 169 P.3d 139, 146 (Colo. 2007). Once the movant has met this burden, the burden shifts to the opposing party to establish that a triable issue of fact exists. *Snook v. Joyce Homes, Inc.*, 215 P.3d 1210, 1218 (Colo. App. 2009). In reviewing the movant's motion, the opposing party is entitled to all favorable inferences that are reasonably drawn from the undisputed facts. *In re Tonko*, 154 P.3d 397, 402 (Colo. 2007). Any doubt as to inferences that may be drawn must be resolved in favor of the opposing party. *Id.*

However, the opposing party "may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts demonstrating the existence of a genuine issue for trial." *Knittle v. Miller*, 709 P.2d 32, 35 (Colo. App. 1985). This standard means that "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S 242, 247–48 (1986). Therefore, if the evidence opposing summary judgment "is *merely colorable*, or is *not significantly probative*, summary judgment may be granted. *Id.* at 249–50 (emphasis added) (citations omitted).

## III. Discussion

The Court finds four (4) supporting documents in the panoply of briefing that are dispositive for this Motion: The Brown and Ceroni Affidavits, the Ceroni Deposition, and the USPS FOIA Response. These documents, when viewed together with the briefing and legal arguments therein, establish that there is no genuine issue as to any material fact regarding

Ceroni's negligence claims against Griffin. Accordingly, Griffin's Motion for Summary Judgment is GRANTED. Ceroni's claims against Griffin are hereby DISMISSED WITH PREJUDICE.

*A. Griffin has set forth competent evidence that it did not repair or maintain the Bay 95 Dock Leveler.*

Griffin presents competent evidence that it did not repair or maintain the Bay 95 Dock Leveler, and did not have a contractual relationship with the USPS to maintain the Bay 95 Dock Leveler or other dock levelers at the General Mail Facility. The original Motion is supported by affidavit of Griffin's office manager, Steve Brown. Therein, Mr. Brown avers that "Griffin has never had a contract with the [USPS] to inspect, maintain, or repair" the Bay 95 Dock Leveler. Additionally, Mr. Brown asserts that Griffin has "never performed any work" on the Bay 95 Dock Leveler during Mr. Brown's eight-year term of employment.

In addition, Griffin supports its Motion via the USPS's FOIA Response. Therein, the USPS provided a substantive response to Ceroni's FOIA request regarding the maintenance of the Bay 95 Dock Leveler, and the existence of any contracts between the USPS and Griffin for the Bay 95 Dock Leveler. Ceroni requested the following documents:

> Category No. 3: Any and all documents relating to the on going [sic] maintenance or repair of the dock leveler located at [the General Mail Facility], South Dock, Bay 95, between January 2007 and December 2010.
>
> Category No. 4: Any and all documents relating to service, repair, or maintenance contracts held by Griffin Dock and Door Services Inc for the dock leveler located at [the General Mail Facility], South Dock, Bay 95.

The USPS responded that it was still in the process of collecting documents related to other FOIA requests by Ceroni, but unequivocally answered the FOIA requests for Categories 3 and 4. The FOIA Response to these categories reads as follows:

> As to Category 3 of your request, an extensive search of official Postal records relative to the [request] . . . *indicated no documents exist responsive to your request*. As to Category 4 of your request, an extensive search of official Postal records *indicated no documents exist responsive to your request.* Therefore, the Postal Service cannot produce the records relative to Categories 3 and 4 of your request.

(emphasis added). This evidence from both Griffin and the USPS was not refuted by Ceroni. Ms. Ceroni's unequivocal statements that she never saw Griffin work on the Bay 95 Dock Leveler, nor saw Griffin employees ever work on the South Dock, further support Griffin's averments.

In sum, the Court finds that there is no disputed issue of material fact regarding Griffin's involvement with the Bay 95 Dock Leveler. All of the supporting documents indicate that Griffin never worked on the Bay 95 Dock Leveler, and indicate that Griffin never had a ongoing contract to maintain or repair the Bay 95 Dock Leveler.

*B. Ceroni has not set forth specific facts sufficient to carry her burden in opposition to the Motion.*

Ceroni has not set forth, via competent evidence, specific facts rebutting Griffin's supported assertion that it never repaired or maintained the Bay 95 Dock Leveler, and that it never entered into a contract for continued maintenance of the Bay 95 Dock Leveler. The only evidence Ceroni has presented regarding these issues is set forth in the Ceroni Affidavit. Therein, Ms. Ceroni alleges that she was "informed by a maintenance worker who is also an employee . . . that [Griffin] is responsible for the maintenance of the dock levelers" at the General Mail Facility. Ms. Ceroni also contends that she has "seen employees of [Griffin] performing maintenance on the dock levelers" at the General Mail Facility.

The hearsay statement of the maintenance worker is insufficient evidence to defeat summary judgment. *People v. Hernandez & Assocs, Inc.*, 736 P.2d 1238 (Colo. App. 1986). And while Ms. Ceroni's statement that she has "seen" Griffin employees raises some conjecture about Griffin's potential involvement, Ms. Ceroni's later deposition testimony significantly diminishes its evidentiary value. In this deposition testimony, Ms. Ceroni states that she has never "seen anybody working" on the Bay 95 Dock Leveler. Furthermore, Ms. Ceroni could not identify the maintenance worker who made the hearsay statement quoted in the affidavit. And finally, in regard to seeing Griffin at the General Mail Facility, Ms. Ceroni stated that she had seen their truck at the East Dock, but had never seen Griffin's truck or any employees on the South Dock where the Bay 95 Dock Leveler is located.

Ceroni presents no competent evidence that Griffin either repaired or maintained the Bay 95 Dock Leveler. Ceroni's argument that she has "seen" Griffin employees at the General

Mail Facility is "not significantly probative," and therefore, is inadequate to defeat summary judgment. In sum, Ms. Ceroni's affidavit and deposition testimony do not have sufficient evidentiary value to defeat the Motion.

*C. The prospect of additional discovery does not warrant denying the Motion.*

Lastly, Ceroni contends that she should be allowed to conduct depositions of Griffin employees to determine the veracity of Mr. Brown's affidavits and Griffin's responses to discovery requests. Ceroni directs the Court to case law discussing premature motions for summary judgment, and points the Court to cases where further discovery was permitted. The Court finds these citations unpersuasive and distinguishable.

In contrast, the Court finds Griffin's citation to *WRCW, LLC v. City of Arvada*, 107 P.3d 1002 (Colo. App. 2004), particularly informative. In *WRCW*, a plaintiff opposing a motion for summary judgment argued that the motion should be denied "because further discovery *might* establish" that there was a disputed issue of material fact. *Id.* (emphasis added). The court rejected this argument, and held that plaintiff's "speculation that further discovery may uncover such facts is insufficient" under Rule 56(e). And that an "affirmative showing of specific facts, uncontradicted by any counteraffidavits, requires a trial court to conclude that no genuine issue of material fact exists." *Id.*

Here, the briefing and exhibits support a similar conclusion. Ceroni only has speculated that a deposition might produce competent evidence to defeat this Motion. Furthermore, as of February 24, 2011, Ceroni had yet to even "notice" a Griffin representative for deposition pursuant to Rule 30(b)(6). This speculation is insufficient to support delaying the entry of summary judgment until further discovery is conducted.

THEREFORE, Griffin's Motion for Summary Judgment is GRANTED. Ceroni has failed to meet her burden in opposition to the Motion for Summary Judgment. She has not presented competent evidence that Griffin had either a contractual or common-law duty to inspect, maintain, or repair the Bay 95 Dock Leveler. As such, Ceroni's claims fail as a matter of law. Summary Judgment enters in favor of Defendant Griffin, and against Plaintiff Ceroni. Ceroni's claims against Griffin are hereby DISMISSED WITH PREJUDICE.

SO ORDERED this 14th day of March, 2011.

BY THE COURT:

*Ann B. Frick*
DISTRICT COURT JUDGE