IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00667-BNB-KLM

SHIRLEY A. CERONI,

Plaintiff,

v.

4FRONT ENGINEERED SOLUTIONS, INC.,

Defendant.
_____

**ORDER**
_____

This matter arises on **Defendant's Motion to Bifurcate Trial** [Doc. # 57, filed 3/26/2012] (the "Motion to Bifurcate"), which is DENIED.

The defendant requests that I bifurcate the trial "in two phases with liability being decided first and, if necessary, proceeding directly to the damages phase using the same jury." Motion to Bifurcate [Doc. # 57] at p. 7. The defendant relies on Angelo v. Armstrong World Industries, Inc., 11 F.3d 957, 964 (10th Cir. 1993), as providing the proper standard for my consideration:

> A court may order a separate trial of any claim or separate issue in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. Bifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable. Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party.

Internal quotations and citations omitted.)

I do not find that bifurcation would further convenience or avoid prejudice. Because the

defendant proposes to try damages immediately if liability is imposed, there is no decrease in the pretrial preparation required. Instead, the trial would simply be broken into two phases which could result in some evidence being presented twice and the jury hearing two sets of closing arguments, being instructed twice, and deliberating twice. That results in inefficiency rather than convenience.

IT IS ORDERED that the Motion to Bifurcate [Doc. # 57] is DENIED.

Dated April 12, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge